UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JULIO A. LLANESSA, | ) |
| Petitioner, | ) Civil Action No. 5:18-CV-600-CHB |
| v. | ) |
| FRANCISCO QUINTANA, Warden, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

*** *** *** ***

Federal inmate and *pro se* petitioner Julio Llanessa challenges the Federal Bureau of Prisons' calculation of his prison sentence. Llanessa, who was arrested in Spain and extradited to the United States, contends he is not being given credit for over one year of pretrial time served in Spain before he was transferred to, and subsequently sentenced by, the United States District Court for the Southern District of Florida. For the reasons that follow, the Court **DENIES** Llanessa's 28 U.S.C. § 2241 habeas petition.

In 2009, Llanessa was indicted in the Southern District of Florida on multiple counts of wire fraud, bank fraud, and conspiracy. *See United States v. Julio A. Llanessa*, et al., Case No. 1:09-cr-21027-PCH-1 (S.D. Fla. 2009). After his initial detainment, Llanessa was released on bond, and he fled the country. *Id.* The Florida court issued a warrant for Llanessa's arrest in 2010, but officials were unable to locate him until July 19, 2013, when he was finally arrested in Spain via an Interpol Red Notice. United States authorities eventually took custody of Llanessa on July 25, 2014, and after being transferred back to the Southern District of Florida, Llanessa was convicted and sentenced to a seventy-two month term of imprisonment. *See id.* at [R. 213].

The Federal Bureau of Prisons ("BOP") credited Llanessa with time served on July 19, 2013 (the date of his arrest in Spain), but did not credit Llanessa for the time in between that date and July 25, 2014, when he was given over to the United States. [R. 1; R. 19 at p. 3] Llanessa claims he was "in custody" for that entire time period and, thus, should have the time applied to his sentence. [R. 1] The effect of such a finding would be Llanessa's immediate release from BOP custody. *Id.*

After reviewing Llanessa's 28 U.S.C. § 2241 petition and the Warden's response,[1] the Court finds Llanessa is not entitled to the relief he seeks. As a preliminary matter, the Warden asserts Llanessa failed to exhaust his administrative remedies with respect to his sentence calculation. Because Llanessa chose not to file a reply brief, he has provided little argument to the contrary.

Llanessa's petition states that he did exhaust all available administrative remedies [*see* R. 1 at p. 3], and the record makes clear that Llanessa did, at some point, request an investigation into the possibility of foreign jail credits. [R. 1-1 at p. 1] However, the Warden contends Llanessa has submitted only four proper administrative remedy requests during his period of incarceration, all which relate to a February 2018 disciplinary hearing. [R. 9 at pp. 5-6] Before filing a 28 U.S.C. § 2241 petition, an inmate must fully and properly exhaust his administrative remedies through the Federal Bureau of Prisons' administrative grievance procedures. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); see also *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). If Llanessa failed to do so, he is barred from seeking relief in this Court.

But furthermore, and the issue of exhaustion notwithstanding, the record suggests Llanessa was not officially detained in Spain from July 19, 2013, through July 25, 2014, such

---

[1] Llanessa was given the option to file a reply to the Warden's response brief, but he never did so. *See* [R. 6]

that he is due credit for time served during that period. A federal inmate's sentence is calculated pursuant to the terms of 18 U.S.C. § 3585. A subsection of that statute explains when and whether an inmate receives credit for any time spent in prior custody:

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent *in official detention* prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

"Official detention" for purposes of section 3585(b) means actual incarceration or "conditions equivalent to physical incarceration." *See United States v. Becak*, 954 F.2d 386, 388 (6th Cir. 1992). An inmate is not entitled to prior custody credit for time spent in a halfway house, *United States v. Woods*, 888 F.2d 653 (10th Cir. 1989); for time spent in home confinement, *United States v. Zackular*, 945 F.2d 423 (1st Cir. 1991); or for time served under restrictive conditions that do not rise to the level of physical incarceration, *United States v. Insley*, 927 F.2d 185 (4th Cir. 1991).

Llanessa contends he was in Spanish custody from his July 19, 2013 arrest through his July 25, 2014 transfer to United States authorities. [R. 1 at pp. 6-7] In support of this position, Llanessa cites to one sentence in the *note verbale* (a piece of diplomatic correspondence) submitted to Spanish leaders on behalf of the United States Embassy which reads: "LLANESSA was provisionally arrested in Spain on 19 July 2913, and is currently in custody." [R. 1-1 at p. 5] But while the August 22, 2013 *note verbale* suggests that, at least at that point in time, Llanessa was still in some form of Spanish custody, the *note verbale* does not define the terms of that

-3-

custody. Additional evidence in the record indicates Llanessa's time in Spanish custody did not "rise to the level of physical incarceration" required for prior custody credit under 18 U.S.C. § 3585(b). *See Becak*, 954 F.2d at 387.

Correspondence from a Department of Justice International Affairs Specialist who was tasked with obtaining information about Llanessa's foreign custody status states that the same day Llanessa was arrested in Spain—July 19, 2013—the Spanish judge released him "with some measures to prevent his escape." [R. 9-1 at p. 10] For example, Llanessa was required to appear before Spanish authorities from time to time to prevent his escape, and his passport was withdrawn. *Id.* Thus, although the *note verbale* does refer to Llanessa being "in custody," the terms of that custody were not stringent enough to be considered "official detention" under 18 U.S.C. § 3585(b). As a result, even if Llanessa did properly exhaust his administrative remedies, there is no relief available for him in this Court. Because Llanessa's constitutional rights are not being violated, his 28 U.S.C. § 2241 petition should be denied.

Accordingly, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. Llanessa's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 10th day of July, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY